**U.S. Department of Justice**

*United States Attorney*
*District of Connecticut*

United States District Court
District of Connecticut
FILED AT NEW HAVEN

3/3 2005
Kevin F. Rowe, Clerk
By M. Ruocco
Deputy Clerk

*Connecticut Financial Center*     *(203)821-3700*
*157 Church Street*
*P.O. Box 1824*
*New Haven, Connecticut 06510*     *Fax (203) 773-5376*
*www.usdoj.gov/usao/ct*

March 3, 2005

Deirdre Murray, Esq.
Assistant Federal Public Defender
Office of the Federal Public Defender
2 Whitney Avenue, Suite 300
New Haven, CT 06510

        Re:     **United States v. Amit Patel**
                  **Criminal No. 3:04CR280 (EBB)**

Dear Ms. Murray:

      This letter confirms the plea agreement entered into between your client, Amit Patel (the "defendant" or "Patel"), and the United States Attorney's Office for the District of Connecticut (the "Government") concerning the above-referenced criminal matter.

## THE PLEA AND OFFENSE

      The defendant agrees to plead guilty to Count 16 in the indictment. Count 16 charges the defendant with illegally bringing or attempting to bring an alien into the United States for commercial gain in violation of Title 8 U.S.C. § 1324(a)(2).

      The defendant understands that to be guilty of Count 16, the following essential elements of the offense must be satisfied:

1. The defendant brought or attempted to bring a person who was an alien into the United States; and

2. The defendant knew or was in reckless disregard of the fact that the alien had not received prior official authorization to come to, enter, or reside in the United States.

      Pursuant to § 1324(a)(2)(B)(ii), if the defendant committed the above-referenced offense for the purpose of commercial advantage or private financial gain, he is subject to a mandatory minimum sentenced of not less than three and nor more than 10 years' incarceration.

## THE PENALTIES

Because the defendant committed the offense for commercial advantage or private financial gain, Count 16 carries a statutory minimum penalty of three (3) years' imprisonment and a statutory maximum penalty of ten (10) years' imprisonment. In addition, under 18 U.S.C. § 3583, the Court may impose a term of supervised release of not more than three (3) years, to begin at the expiration of any term of imprisonment imposed. The defendant understands that should he violate any condition of the supervised release during its term, he may be required to serve a further term of imprisonment equal to two years with no credit for the time already spent on supervised release.

The defendant also is subject to the alternative fine provision of 18 U.S.C. § 3571. Under this section, the maximum fine that may be imposed on the defendant is the greatest of the following amounts: (1) twice the gross gain to the defendant resulting from the offense; (2) twice the gross loss resulting from the offense; or (3) $250,000.

In addition, the defendant is obligated by 18 U.S.C. § 3013 to pay a special assessment of $100.00. The defendant agrees to pay the $100.00 special assessment to the Clerk of the Court on the day of sentencing.

Finally, unless otherwise ordered, should the Court impose a fine of more than $2,500 as part of the sentence, interest will be charged on the unpaid balance of a fine amount not paid within 15 days after the judgment date. 18 U.S.C. § 3612(f). Other penalties and fines may be assessed on the unpaid balance of a fine pursuant to 18 U.S.C. §§3572 (h), (i) and § 3612(g).

### Restitution

In addition to the other penalties provided by law, the Court must also order that the defendant make restitution under 18 U.S.C. §3663A. The scope and effect of the order of restitution are set forth in the attached Rider Concerning Restitution.

## THE SENTENCING GUIDELINES

### 1. Applicability

The defendant understands that although application of the United States Sentencing Guidelines is not mandatory, they are advisory and the Court is required to consider any applicable Sentencing Guidelines as well as other factors enumerated in 18 U.S.C. § 3553(a) to tailor an appropriate sentence in this case. *See United States v. Booker*, 543 U.S. ___ (2005). The defendant expressly understands that the Sentencing Guideline determinations will be made by the Court, by a preponderance of the evidence, based upon input from the defendant, the Government, and the United States Probation Officer who prepares the presentence investigation report. The defendant further understands that he has no right to withdraw his guilty plea if his sentence or the Guideline application is other than he anticipated.

### 2. Acceptance of Responsibility

At this time, the Government agrees to recommend that the Court reduce by two levels the defendant's Adjusted Offense Level under section §3E1.1(a) of the Sentencing Guidelines, based on the defendant's prompt recognition and affirmative acceptance of personal responsibility for the offense. Moreover, the Government intends to file a motion with the Court pursuant to §3E1.1(b) recommending that the Court reduce defendant's Adjusted Offense Level by one additional level based on the defendant's prompt notification of his intention to enter a plea of guilty. This recommendation is conditioned upon the defendant's full, complete, and truthful disclosure to the Probation Office of information requested, of the circumstances surrounding his commission of the offense, of his criminal history, and of his financial condition by submitting a complete and truthful financial statement. The defendant expressly understands that the Court is not obligated to accept the Government's recommendation on the reduction.

The Government will not make this recommendation if the defendant engages in any acts which (1) indicate that the defendant has not terminated or withdrawn from criminal conduct or associations (Sentencing Guideline section §3E1.1); (2) could provide a basis for an adjustment for obstructing or impeding the administration of justice (Sentencing Guideline §3C1.1); or (3) constitute a violation of any condition of release. Moreover, the Government will not make this recommendation if the defendant seeks to withdraw his plea of guilty. The defendant expressly understands that he may not withdraw his plea of guilty if, for the reasons explained above, the Government does not make this recommendation.

### 3. Stipulation

Pursuant to section 6B1.4 of the Sentencing Guidelines, the defendant and the Government have entered into a stipulation which is attached to and made a part of this plea agreement. The defendant understands that this stipulation does not purport to set forth all of the relevant conduct and characteristics that may be considered by the Court for purposes of

sentencing. The defendant expressly understands that this stipulation is not binding on the Court. The defendant also understands that the Government and the United States Probation Office are obligated to advise the Court of any additional relevant facts that subsequently come to their attention.

4. Government's Guideline Calculation

Under the Sentencing Guidelines, the Government calculates the defendant's applicable fine range of $4,500 to $45,000. The base offense level under U.S.S.G. § 2L1.1(a)(2) is 12. Three (3) levels are added under U.S.S.G. § 2L1.1(b)(2) because the defendant was involved in attempting to bring in more than 6 but less than 24 aliens into the United States. Two (2) levels are subtracted under U.S.S.G. § 3E1.1 for acceptance of responsibility, as noted above, resulting in a total offense level of 13.

Based on the information available to the Government at this time, including representations made by the defendant, the defendant's criminal history category is I. At offense level 13 and criminal history category I, the Government calculates the defendant's Sentencing Guideline fine range would be $3,000 to $30,000 (U.S.S.G. § 5E1.2(c)(3)).

As noted above, pursuant to 8 U.S.C. § 1324(a)(2)(B)(ii) because the defendant committed this offense for private financial gain, he is subject to a three year mandatory minimum sentence.

5. Information to the Court

The Government expressly reserves its right to address the Court with respect to an appropriate sentence to be imposed in this case. Moreover, it is expressly understood that the Government will discuss the facts of this case, including information regarding the defendant's background and character, 18 U.S.C. § 3661, with the United States Probation Office and will provide the Probation Officer with access to its file, with the exception of grand jury material.

**WAIVER OF RIGHTS**

Waiver of Trial Rights and Consequences of Plea

The defendant understands that he has the right to be represented by an attorney at every stage of the proceeding and, if necessary, one will be appointed to represent him.

The defendant understands that he has the right to plead not guilty or to persist in that plea if it has already been made, the right to a public trial, the right to be tried by a jury with the assistance of counsel, the right to confront and cross-examine the witnesses against him, the right not to be compelled to incriminate himself, and the right to compulsory process for the attendance of witnesses to testify in his defense. The defendant understands that by pleading

4

guilty he waives and gives up those rights and that, if the plea of guilty is accepted by the Court, there will not be a further trial of any kind.

The defendant understands that if she pleads guilty, the Court may ask him questions about each offense to which he pleads guilty, and if he answers those questions falsely under oath, on the record, and in the presence of counsel, his answers may later be used against him in a prosecution for perjury or making false statements.

### Waiver of Statute of Limitations

The defendant understands and agrees that should the conviction following defendant's plea of guilty pursuant to this plea agreement be vacated for any reason, then any prosecution that is not time-barred by the applicable statute of limitations on the date of the signing of this plea agreement (including any indictment or counts the Government has agreed to dismiss at sentencing pursuant to this plea agreement) may be commenced or reinstated against defendant, notwithstanding the expiration of the statute of limitations between the signing of this plea agreement and the commencement or reinstatement of such prosecution. The defendant agrees to waive all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date the plea agreement is signed.

### Waiver of Right To Post-Conviction DNA Testing of Physical Evidence

The defendant understands that in some cases the Government gains possession of physical evidence that could be subject to DNA testing. The defendant further understands that following conviction in this case, he could file a motion with the Court to require DNA testing of physical evidence pursuant to 18 U.S.C. § 3600 and § 3600A in an attempt to prove his innocence. The defendant fully understands his right to have all the physical evidence in this case tested for DNA, has discussed this right with his counsel, and knowingly and voluntarily waives his right to have such DNA testing performed on the physical evidence in this case. Defendant fully understands that because he is waiving this right, the physical evidence in this case will likely be destroyed or will otherwise be unavailable for DNA testing in the future.

## ACKNOWLEDGEMENT OF GUILT; VOLUNTARINESS OF PLEA

The defendant acknowledges that he is entering into this agreement and is pleading guilty freely and voluntarily because he is guilty. The defendant further acknowledges that he is entering into this agreement without reliance upon any discussions between the Government and him (other than those described in the plea agreement letter), without promise of benefit of any kind (other than the concessions contained in the plea agreement letter), and without threats, force, intimidation, or coercion of any kind. The defendant further acknowledges his understanding of the nature of the offense to which he is pleading guilty, including the penalties provided by law. The defendant also acknowledges his complete satisfaction with the representation and advice received from his undersigned attorney. The defendant and his

undersigned counsel are unaware of any conflict of interest concerning counsel's representation of the defendant in the case.

## NOT A PREVAILING PARTY

The defendant expressly acknowledges that he is not a "prevailing party" within the meaning of Public Law 105-119, section 617 ("the Hyde Amendment") with respect to the count of conviction or any other count or charge that may be dismissed pursuant to this agreement. The defendant voluntarily, knowingly, and intelligently waives any rights he may have to seek reasonable attorney's fees and other litigation expenses under the Hyde Amendment.

## SCOPE OF THE AGREEMENT

The defendant acknowledges and understands that this agreement is limited to the undersigned parties and cannot bind any other federal authority, or any state or local authority. The defendant acknowledges that no representations have been made to him with respect to any civil or administrative consequences that may result from this plea of guilty because such matters are solely within the province and discretion of the specific administrative or governmental entity involved. Finally, the defendant understands and acknowledges that this agreement has been reached without regard to any civil tax matters that may be pending or which may arise involving her.

## COLLATERAL CONSEQUENCES

Additionally, the defendant understands that the United States Immigration and Customs Enforcement ("ICE") has initiated removal proceedings against him and that he will likely be deported from the United States after the completion of any period of incarceration. The parties additionally agree that as a special condition of any period of supervised release imposed by the Court pursuant to 18 U.S.C. § 3583(b), that if deported, after his deportation, defendant will not be permitted to reenter the United States without the express permission of the Attorney General of the United States, or his successor, the Secretary of the Department of Homeland Security.

The defendant understands that pursuant to section 203(b) of the Justice For All Act, the Bureau of Prisons or the Probation Office will collect a DNA sample from the defendant for analysis and indexing. Finally, the defendant understands that the Government reserves the right to notify any state or federal agency by which he is licensed, or with which he does business, as well as any current or future employer of the fact of his conviction.

## SATISFACTION OF FEDERAL CRIMINAL LIABILITY; BREACH

The defendant's guilty plea, if accepted by the Court, will satisfy the federal criminal liability of the defendant in the District of Connecticut as a result of his participation in smuggling aliens into the United States, which forms the basis of the indictment in this case.

6

The defendant understands that if, before sentencing, he violates any term or condition of this agreement, engages in any criminal activity, or fails to appear for sentencing, the Government may void all or part of this agreement. If the agreement is voided in whole or in part, defendant will not be permitted to withdraw his plea of guilty.

## NO OTHER PROMISES

The defendant acknowledges that no other promises, agreements, or conditions have been entered into other than those set forth in this plea agreement, and none will be entered into unless set forth in writing, signed by all the parties.

This letter shall be presented to the Court, in open court, and filed in this case.

Very truly yours,

KEVIN J. O'CONNOR
UNITED STATES ATTORNEY

KRISHNA R. PATEL
ASSISTANT UNITED STATES ATTORNEY

The defendant certifies that he has read this plea agreement letter and its attachment(s) or has had it read or translated to him, that he has had ample time to discuss this agreement and its attachment(s) with counsel and that he fully understands and accepts its terms.

_____          _____
Amit Patel                         Date
The Defendant

I have thoroughly read, reviewed and explained this plea agreement and its attachment(s) to my client who advises me that he understands and accepts its terms.

_____          _____
Diedre Murray, Esq.                Date
Attorney for the Defendant

7

## STIPULATION OF OFFENSE CONDUCT

The defendant Amit Patel and the Government stipulate and agree to the following offense conduct that gives rise to the defendant's agreement to plead guilty to the indictment:

Amit Patel, also known as Dilip, ("Patel") is a thirty-seven year old male, native, and citizen of Khar District, India. From in or about 2003 to on or about April 24, 2004, Patel collected or attempted to collect at least fourteen illegal immigrants at United States airports and facilitated their journeys to other parts of the United States. On or about June 20, 2003, Patel met and facilitated the entry of an alien who used a British passport bearing the name of Hansha Patel into the United States. Patel was paid for facilitating Hansha Patel's entry into the United States.

The written stipulation above is incorporated into the preceding plea agreement. It is understood, however, that the defendant and the Government reserve their right to present additional relevant offense conduct to the attention of the Court in connection with sentencing.

_____
Amit Patel
The Defendant

_____
Krishna R. Patel
Assistant United States Attorney

_____
Diedre Murray, Esq.
Attorney for the Defendant

8

<u>RIDER CONCERNING RESTITUTION</u>

The Court shall order that the defendant make restitution under 18 U.S.C. § 3663A. The order of restitution may include:

1.  If the offense resulted in damage to or loss or destruction of property of a victim of the offense, the order of restitution shall require the defendant to:

> A. Return the property to the owner of the property or someone designated by the owner; or

> B. If return of the property is impossible, impracticable, or inadequate, pay an amount equal to:

>> The greater of -

>> (I) the value of the property on the date of the damage, loss, or destruction; or

>> (II) the value of the property on the date of sentencing, less the value as of the date the property is returned.

The order of restitution shall be a condition of probation or supervised release. Failure to make restitution as ordered may result in a revocation of probation, or a modification of the conditions of supervised release, or in the defendant being held in contempt under 18 U.S.C. § 3583(e). Failure to pay restitution may also result in the defendant's resentencing to any sentence which might originally have been imposed by the Court. <u>See</u> 18 U.S.C. § 3614. The Court may also order that the defendant give notice to any victims of his offense under 18 U.S.C. § 3555. Finally, the order of restitution has the effect of a civil judgment against the defendant.